Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:   (212) 292-5390
Facsimile:   (212) 292-5391
*Attorneys for Plaintiff*
*Moonbug Entertainment Limited*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/7/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED,<br><br>*Plaintiff*<br><br>v.<br><br>138 STORE, 4EVER KEEP REAL STORE, ANHUI PRIME TECHNOLOGY CO., LTD, ANHUI RON.VE.XIN INTERNATIONAL TRADE CO., LTD., ANIME ZONE STORE, ANIMECOLLECTION STORE, AVEZANO BACKDROP STORE, BABY K PARTY STORE, BABY PINK STORE, BABY TOY WORLD STORE, BABYSUNHINE0305 STORE, BACKGROUND STORE, BE FUNNY PARTY STORE, BEETOY TOY STORE, BELLY TOY STORE, BENGBU SWAN GIFTS CO., LTD., BEST-MOTHER & BABY STORE, BRATSWEETIS STORE, BRAVE NEWWORLD STORE, BRILLIANT CHEERFUL LIFE STORE, BRILLIANT FUN PARTY STORE, BRILLIANT PARTY LIFE STORE, BRILLIANT PARTY STORE, CHILDREN SWEET HOME, CHRISTINEBEST STORE, CITY OF STARS STORE, COLA PARTY STORE, COOL-KIDS STORE, COSFANS COSTUMES STORE, COZY PARTY STORE, COZYDOG STORE, CRYSTAL TECHNOLOGY, CYML PARTY STORE, DAVID PARTY STORE, DAYOFSUGAR STORE, DECORATIVE BALLOONS STORE, DHSM TOY | CIVIL ACTION NO.<br>**21-cv-4312 (VEC)**<br><br>**PRELIMINARY INJUNCTION ORDER** |

STORE, DONGGUAN CHASHAN JIYE TOYS & GIFTS FACTORY, DONGGUAN HUAQUN TECHNOLOGY CO., LTD., DONGGUAN NUOSHENG ELECTRONIC TECHNOLOGY, DONGGUAN NUOYI TOYS CO., LTD., DONGGUAN RUI TENG GIFT CO., LTD., DONGGUAN SHUANGYUAN GARMENTS CO., LTD., DREAMS IT POSSIBLE STORE, DULABABY STORE, ENJOYPARTY STORE, ESTRELLA STORE, F102 STORE, FAIRY TALE WORLD FRIST, FEMAILY STORE, FENGCAI TRADING (SHENZHEN) CO., LTD., FOURTRY STORE, FREE MARKET CO., LTD, FUTURE STARS PLUSH STORE, FUZHOU NICROLANDEE ARTS & CRAFT CO., LTD., FUZHOU PARTYCOOL TRADING CO., LTD., FUZHOU PARTYPLACE TRADING CO., LTD., GTT11 STORE, GUANGZHOU GONGYUCHENG TRADING CO., LTD., HAEE TOY STORE, HAI XIN STORE, HANGZHOU EASTERNHOPE ARTS & CRAFTS CO., LTD., HELLO BALLOONS, HENAN DIRIVER TRADING CO., LTD., INLAND PARTY STORE, INMEMORY OFFICIAL STORE, INTRIGUING STORE, JIANGSU DINGHONG IMPORT AND EXPORT CO., LTD., JIANGXI YUNZHOU CLOTHING CO., LTD., JINHUA DARREN TRADING CO., LTD., JJ DROP SHOPPIG STORE, JOYTIMES STORE, JUJUBETREE STORE, KIDS FUNNY STORE, KOKOER PARTY STORE, LAMIANWANZI STORE, LET'S PARTY STORE, LIANYUNGANG HONGWEN TOYS CO., LTD., LOVE PARTY STORE, LOVEMYLIFE STORE, MAGIC CHILDREN WORLD STORE, MOLUTIAN OFFICIAL STORE, MY BALLOONS STORE, MY DAY TOY STORE, NANCHANG DONGTIAN ELECTRONIC COMMERCE CO., LTD., NANTONG GELAS IMPORT & EXPORT CO., LTD., NEW LIFE PARTY STORE, PARTY BALLOONS STORE, PARTY CELEBRATION STORE, PARTY GROCERY STORE, PARTYGUYS STORE, PHOTURT BACKDROP DESIGN STORE, PONYOCABIN STORE, POP ELEMENTS LUGGAGE STORE , PURSUIT OF HAPPYNESS STORE, QINGDAO BUZZY CULTURAL CO., LTD., QUANZHOU GUANGHE MINGLIANG TRADING CO., LTD., QUANZHOU WANTWELL INFORMATION & TECHNOLOGY CO., LTD., QUANZHOU YAER ELECTRONIC COMMERCE CO., LTD., QUANZHOU YOHO YOHO TRADING

CO., LTD., RC BUILDING BLOCKS STORE, RIBOW TOY WHOSALE AND RETAIL STORE STORE, RIMU TOY STORE, S181 STORE, SENSFUN OFFICIAL STORE, SHENZHEN BEIAN TOP TRADING CO., LTD., SHENZHEN DIHAO TECHNOLOGY CO., LTD., SHENZHEN JOYTOY STORE, SHENZHEN NEWSTAR ELECTRONIC TECHNOLOGY CO., LTD., SHENZHEN TUOYI ELECTRONIC COMMERCE CO., LTD., SHOP1113240 STORE, SHOP3215086 STORE, SHOP3929008 STORE, SHOP4417158 STORE, SHOP4873033 STORE, SHOP5004496 STORE, SHOP5422160 STORE, SHOP5429173 STORE, SHOP5633027 STORE, SHOP5728157 STORE, SHOP5874077 STORE, SHOP5883889 STORE, SHOP5886488 STORE, SHOP719161 STORE, SHOP726174 STORE, SHOP910438252 STORE, SHOP910559417 STORE, SHOP911137281 STORE, SHOP911405027 STORE, SHOP911412452 STORE, SHOP911419007 STORE, SHOP934283 STORE, SKYLESSHINE STORE, SMILEPARTY STORE, SPECIALLY PARTY STORE, ST005 STORE, STARRIVER STORE, SUPERY PARTY STORE, SUTAIBAI BACKDROP BACKGROUND FACTORY STORE, SZFOSITE BACKDROP STORE, THE DROPSHIPPING RC TOY AND GIFT STORE, THEHAPPYDAY STORE, TIANJIN SUXINYI TECHNOLOGY CO., LTD., TOLER STORE, TOY WORLD CITY STORE, TTY PARTY STORE, UBALLOONS STORE, UFAMILY STORE, UGLY MONKEY PARTY STORE, WE PARTY STORE, WJP PARTY STORE, XIAMEN DI220 ELECTRONIC COMMERCE CO., LTD., XIAMEN HEMAOXIN INDUSTRY & TRADE CO., LTD., XIONGYI, XOXOX STORE, XT03 STORE, YANGZHOU AIXINI INTERNATIONAL TRADE IMPORT AND EXPORT CO., LTD., YANGZHOU CHAOMAN CULTURAL MEDIA CO., LTD., YANGZHOU DULALA CRAFTS LTD., YANGZHOU LSD ELECTRONIC CO., LTD., YHZNXH STORE, YIWU CHUYUN TRADE CO., LTD., YIWU CITY XINYANG IMPORT AND EXPORT CO., LTD., YIWU CORA TRADE CO., LTD., YIWU DAMAI CRAFT CO., LTD., YIWU DINGXIN E-COMMERCE CO., LTD., YIWU GUESS CRAFTS CO., LTD., YIWU KATE IMP & EXP CO., LTD., YIWU KE HUAN TRADING CO., LTD., YIWU LUANLI GARMENT CO., LTD., YIWU M&D IMPORT AND EXPORT CO., LTD.,

YIWU QIANG RUN GARMENT FACTORY, YIWU QIAOMAO GARMENT CO., LTD., YIWU QIBAO NETWORK TECHNOLOGY CO., LTD., YIWU QINGCHEN TRADE CO., LTD., YIWU SUE LUCKY GARMENTS FACTORY, YIWU WEITUO ARTS & CRAFTS CO., LTD., YIWU XINENG E-COMMERCE FIRM, YIWU XIQING IMPORT AND EXPORT CO., LTD., YIWU YINGHAN GARMENT FACTORY, YIZHENG LIUJI TOWN XINCHEN TOY FACTORY, YXX13 STORE and ZHONGSHAN SHUNXIN PACKAGING MATERIAL CO., LTD.,

*Defendants*

# GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Moonbug** | Moonbug Entertainment Limited |
| **Defendants** | 138 Store, 4ever Keep Real Store, Anhui Prime Technology Co., Ltd, Anhui RON.VE.XIN International Trade Co., Ltd., anime zone Store, animecollection Store, Avezano Backdrop Store, Baby k Party Store, Baby Pink Store, Baby Toy World Store, Babysunhine0305 Store, background Store, Be funny party Store, BEETOY Toy Store, Belly Toy Store, Bengbu Swan Gifts Co., Ltd., Best-Mother & Baby Store, Bratsweetis Store, Brave Newworld Store, Brilliant Cheerful Life Store, Brilliant Fun Party Store, Brilliant Party Life Store, Brilliant Party Store, Children Sweet Home, ChristineBest Store, City of Stars Store, Cola Party Store, cool-kids Store, cosfans costumes Store, Cozy Party Store, CozyDog Store, Crystal Technology, Cyml party Store, David Party Store, Dayofsugar Store, Decorative balloons Store, DHSM Toy Store, Dongguan Chashan Jiye Toys & Gifts Factory, Dongguan Huaqun Technology Co., Ltd., Dongguan Nuosheng Electronic Technology, Dongguan NuoYi Toys Co., Ltd., Dongguan Rui Teng Gift Co., Ltd., Dongguan Shuangyuan Garments Co., Ltd., Dreams It Possible Store, dulababy Store, Enjoyparty Store, Estrella Store, F102 Store, Fairy tale world frist, FEMAILY Store, Fengcai Trading (Shenzhen) Co., Ltd., Fourtry Store, Free Market Co., Ltd, Future Stars Plush Store, Fuzhou Nicrolandee Arts & Craft Co., Ltd., Fuzhou Partycool Trading Co., Ltd., Fuzhou PartyPlace Trading Co., Ltd., GTT11 Store, Guangzhou Gongyucheng Trading Co., Ltd., haee toy Store, hai xin Store, Hangzhou Easternhope Arts & Crafts Co., Ltd., Hello Balloons, Henan Diriver Trading Co., Ltd., Inland Party Store, InMemory Official Store, Intriguing Store, Jiangsu Dinghong Import And Export Co., Ltd., Jiangxi Yunzhou Clothing Co., Ltd., Jinhua Darren Trading Co., Ltd., JJ Drop Shoppig Store, JoyTimes Store, Jujubetree Store, Kids Funny Store, kokoer party Store, lamianwanzi Store, Let's party Store, Lianyungang Hongwen Toys Co., Ltd., Love Party Store, Lovemylife Store, Magic Children World Store, Molutian Official Store, My balloons Store, My Day Toy Store, Nanchang Dongtian Electronic Commerce Co., Ltd., Nantong Gelas Import & Export Co., Ltd., New Life Party Store, Party balloons Store, Party Celebration Store, Party Grocery Store, PARTYGUYS Store, PHOTURT Backdrop Design Store, PonyoCabin Store, Pop Elements |

Luggage Store , Pursuit of Happyness Store, Qingdao Buzzy Cultural Co., Ltd., Quanzhou Guanghe Mingliang Trading Co., Ltd., Quanzhou Wantwell Information & Technology Co., Ltd., Quanzhou Yaer Electronic Commerce Co., Ltd., Quanzhou Yoho Yoho Trading Co., Ltd., RC Building Blocks Store, RIBOW Toy Whosale and Retail Store Store, RIMU Toy Store, S181 Store, Sensfun Official Store, Shenzhen Beian Top Trading Co., Ltd., Shenzhen Dihao Technology Co., Ltd., ShenZhen JoyToy Store, Shenzhen Newstar Electronic Technology Co., Ltd., Shenzhen Tuoyi Electronic Commerce Co., Ltd., Shop1113240 Store, Shop3215086 Store, Shop3929008 Store, Shop4417158 Store, Shop4873033 Store, Shop5004496 Store, Shop5422160 Store, Shop5429173 Store, Shop5633027 Store, Shop5728157 Store, Shop5874077 Store, Shop5883889 Store, Shop5886488 Store, Shop719161 Store, Shop726174 Store, Shop910438252 Store, Shop910559417 Store, Shop911137281 Store, Shop911405027 Store, Shop911412452 Store, Shop911419007 Store, Shop934283 Store, Skylesshine Store, Smileparty Store, Specially party Store, ST005 Store, Starriver Store, Supery Party Store, SUTAIBAI backdrop background Factory Store, SZFOSITE Backdrop Store, The Dropshipping RC TOY and Gift Store, theHappyDay Store, Tianjin Suxinyi Technology Co., Ltd., TOLER Store, Toy World City Store, TTY Party Store, UBalloons Store, UFamily Store, Ugly Monkey Party Store, WE PARTY Store, WJP Party Store, Xiamen DI220 Electronic Commerce Co., Ltd., Xiamen Hemaoxin Industry & Trade Co., Ltd., xiongyi, XOXOX Store, XT03 Store, Yangzhou Aixini International Trade Import And Export Co., Ltd., Yangzhou Chaoman Cultural Media Co., Ltd., Yangzhou Dulala Crafts Ltd., Yangzhou Lsd Electronic Co., Ltd., YHZNXH Store, Yiwu Chuyun Trade Co., Ltd., Yiwu City Xinyang Import And Export Co., Ltd., Yiwu Cora Trade Co., Ltd., Yiwu Damai Craft Co., Ltd., Yiwu Dingxin E-Commerce Co., Ltd., Yiwu Guess Crafts Co., Ltd., Yiwu Kate Imp & Exp Co., Ltd., Yiwu Ke Huan Trading Co., Ltd., Yiwu Luanli Garment Co., Ltd., Yiwu M&d Import And Export Co., Ltd., Yiwu Qiang Run Garment Factory, Yiwu Qiaomao Garment Co., Ltd., Yiwu Qibao Network Technology Co., Ltd., Yiwu Qingchen Trade Co., Ltd., Yiwu Sue Lucky Garments Factory, Yiwu Weituo Arts & Crafts Co., Ltd., Yiwu Xineng E-Commerce Firm, Yiwu Xiqing import and Export Co., Ltd., Yiwu

|  |  |
|---|---|
|  | Yinghan Garment Factory, Yizheng Liuji Town Xinchen Toy Factory, yxx13 Store and Zhongshan Shunxin Packaging Material Co., Ltd. |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Ahton Dec.** | Declaration of Karine Ahton in Support of Plaintiff's Application |
| **Drangel Dec.** | Declaration of Jason M. Drangel in Support of Plaintiff's Application |
| **Blippi** | A fun, energetic entertainer known for his goofy mannerisms, signature blue and orange outfit and educational videos |
| **Blippi Content** | Interactive videos exploring the world through the eyes of a child while teaching them valuable skills such as counting, learning colors and much more |
| **Blippi Registrations** | U.S. Trademark Registration Nos.: 5,333,930 for "BLIPPI" for a variety of goods in Class 28 and 5,335,209 for "BLIPPI" for a variety of goods in Class 25 |
| **Blippi Application** | U.S. Trademark Serial Application No. 79/297,577 for ![Blippi logo], for goods in Classes 9, 16, 25, 28 and |

|  | 41 |
|---|---|
| **Blippi Marks** | The marks covered by the Blippi Registrations and the Blippi Application |
| **Blippi Products** | A variety of consumer products, such as t-shirts, backpacks and other gear |
| **Counterfeit Products** | Products bearing or used in connection with the Blippi Marks, and/or products in packaging and/or containing labels bearing the Blippi Marks, and/or bearing or used in connection with marks that are confusingly similar to the Blippi Marks and/or products that are identical or confusingly similar to the Blippi Marks |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace |

|  | platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiff having moved *ex parte* on May 13, 2021 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on May 13, 2021 ("TRO") which ordered Defendants to appear on May 19, 2021 at 2:00 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on May 13, 2021, Plaintiff filed its first letter requesting modification of the TRO;

WHEREAS, on the same day, May 13, 2021, the Court entered an Order, *inter alia,* adjourning the May 19, 2021 Show Cause Hearing to May 25, 2021 at 4:00 p.m. ("May 13, 2021 Order");

WHEREAS, on May 21, 2021, Plaintiff filed a second letter requesting modification of the TRO;

WHEREAS, on May 24, 2021, the Court entered an Order, *inter alia,* adjourning the May 25, 2021 Show Cause Hearing to June 7, 2021 at 5:00 p.m. ("May 24, 2021 Order");

WHEREAS, on June 1, 2021, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application, the May 13, 2021 Order and the May 24, 2021 Order on each and every Defendant;

WHEREAS, on June 7, 2021 at 5:00 p.m., Plaintiff appeared at the Show Cause Hearing, however, no Defendants appeared.

# ORDER

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

   a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

      i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing one or more of the Blippi Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Blippi Marks;

      ii. directly or indirectly infringing in any manner any of Plaintiff's Blippi Marks;

      iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Blippi Marks to identify any goods or services not authorized by Plaintiff;

      iv. using any of Plaintiff's Blippi Marks or any other marks that are confusingly similar to the Blippi Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

      v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or

association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

viii. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) above and 1(b)(i) through 1(b)(ii) and 1(c)(i) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby

restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

    ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

    iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) and 1(b)(i) through 1(b)(ii) above.

c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts;

    ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records,

documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

    iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii), 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) above.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

    a) within seven (7) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

    a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days

of service to Plaintiff's counsel.

b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

   i. account numbers;
   ii. current account balances;
   iii. any and all identifying information for Defendants and Defendants' User Accounts, including names, addresses and contact information;
   iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;
   v. any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and

account statements;

vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

vii. any and all User Accounts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts that Defendants have ever had and/or currently maintain;

viii. the identities, location and contact information, including any and all e-mail addresses, of Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them;

ix. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts, a full accounting of Defendants' sales history and listing history under such accounts, and Defendants' Financial Accounts associated with Defendants' User Accounts; and

x. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Blippi Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Blippi Marks.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

   i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

   ii. the identities, location and contact information, including any and all e-mail addresses of Defendants;

   iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

   iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing one or more of the Blippi Marks and/or

marks that are confusingly similar to, identical to and constitute an infringement of the Blippi Marks.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order to Defendants' e-mail addresses to be determined after having been identified by Alibaba and/or AliExpress pursuant to **Paragraph V(C)** of the TRO; or

b) delivery of a message to Defendants through the system for communications established by the Third Party Service Providers on their respective platforms, notifying Defendants that an action has been filed against them in this Court and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download a PDF copy of this Order.

5. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com;

d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba will be able to download a PDF copy of this Order via electronic mail to Chloe He, Alibaba Group at chloe.he@alibaba-inc.com;

e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

f) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department legal@pingpongx.com.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this __7__ day of __June__, 2021, at __5:21__ p.m.
New York, New York

_____
HON. VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE

11